**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jeffrey Wayne Harmon, | CV 18-01252-PHX-RM (LAB) |
| Petitioner, | **REPORT AND RECOMMENDATION** |
| vs. | |
| Charles Ryan; et al., | |
| Respondents. | |

Pending before the court is a petition for writ of habeas corpus filed in this court on April 23, 2018, by Jeffrey Wayne Harmon, who challenges a judgment entered by the Maricopa County Superior Court. (Doc. 1) When he filed his petition, Harmon was incarcerated in the Arizona State Prison Complex in Buckeye, Arizona. (Doc. 1, p. 1) It appears that he is now serving a term of supervised probation. (Doc. 14, p. 1)

Pursuant to the Rules of Practice of this court, the matter was referred to Magistrate Judge Bowman for report and recommendation. LRCiv 72.2(a)(2).

The Magistrate Judge recommends that the District Court, after its independent review of the record, enter an order denying the petition. Claims alleging pre-plea constitutional violations are waived. Counsel did not "strong arm" Harmon into pleading guilty.

Summary of the Case

On March 14, 2013, Harmon entered a plea of guilty to two counts of aggravated assault. (Doc. 15, p. 4) On April 15, 2013, Harmon was sentenced to a 7.5-year term of imprisonment to be followed by a 4-year term of probation. (Doc. 15)

Harmon filed notice of post-conviction relief on July 3, 2013. (Doc. 14) Appointed counsel was unable to find any meritorious issues, so Harmon was allowed to submit a petition pro se. (Doc. 15, pp. 23-28) He filed his petition on March 17, 2014. (Doc. 16, pp. 3-14) The trial court denied the petition on August 1, 2014. (Doc. 16, pp. 29-31) The court explained that by pleading guilty, Harmon waived his right to "challenge evidence, assert defenses, confront and cross-examine witnesses, to challenge probable cause and to appeal his conviction." (Doc. 16, p. 30) Harmon's claim that he was "strong armed" into changing his plea was meritless because "[d]uring his change of plea he was asked if there was force or any threats used to get him to plead guilty and he answered in the negative." (Doc. 16, p. 30)

Harmon filed a petition for review in which he argued, among other things, that (1) the state overcharged the case to induce his guilty plea and (2) counsel was ineffective because she failed to challenge the indictments by using a medical expert to dispute the extent of the victim's injuries and "threatened to put the defendant in Rule 11 court for simply asking her to follow his instructions." (Doc. 16-7, pp. 5-6) The Arizona Court of Appeals granted review but denied relief on January 5, 2017. (Doc. 16, p. 69) The court held, among other things, that Harmon's ineffective assistance claims were waived because they did not relate to the entry of his guilty pleas. (Doc. 16, p. 71)

On April 23, 2018, Harmon filed in this court a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1) He claims (1) he was coerced into pleading guilty because the prosecution lied to the grand jury to overcharge the offenses, (2) counsel was ineffective because she failed to challenge the indictment, "threatened to put me in Rule 11 court," and "told me that I had to sign [the plea agreement] and that my family needed me to sign it." (Doc. 1, pp. 6-7)

On November 2, 2018, the respondents filed an answer. (Doc. 14) They argue Claim (1) is waived by Harmon's plea of guilty, and Claim (2) should be denied because his complaints are waived or too vague to qualify for relief. (Doc. 14, pp. 9-10)

Harmon did not file a timely reply.

Discussion

The writ of habeas corpus affords relief to persons in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). If the petitioner is in custody pursuant to the judgment of a state court, the writ will not be granted unless prior adjudication of the claim –

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The petitioner must shoulder an additional burden if the state court made findings of fact.

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C.A. § 2254 (e)(1).

"[The] standard is intentionally difficult to meet." *Woods v. Donald*, 135 S.Ct. 1372, 1376 (2015). "'[C]learly established Federal law' for purposes of § 2254(d)(1) includes only the holdings, as opposed to the dicta, of th[e] [Supreme] Court's decisions." *Id.*

A decision is "contrary to" Supreme Court precedent if that Court already confronted "the specific question presented in this case" and reached a different result. *Woods*, 135 S.Ct. at 1377. A decision is an "unreasonable application of" Supreme Court precedent if it is "objectively unreasonable, not merely wrong; even clear error will not suffice." *Id.* at 1376. "To satisfy this high bar, a habeas petitioner is required to show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* (punctuation modified)

If the highest state court fails to explain its decision, this court looks to the last reasoned state court decision. *See Brown v. Palmateer*, 379 F.3d 1089, 1092 (9th Cir. 2004).

- 3 -

Federal habeas review is limited to those claims for which the petitioner has already sought redress in the state courts. This so-called "exhaustion rule" reads in pertinent part as follows:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that – (A) the applicant has exhausted the remedies available in the courts of the State. . . .

28 U.S.C. § 2254(b)(1)(A).

To be properly exhausted, a claim must be "fairly presented" to the state courts. *Weaver v. Thompson*, 197 F.3d 359, 364 (9th Cir. 1999). In other words, the state courts must be apprised of the issue and given the first opportunity to rule on the merits. *Id.* "The state courts have been given a sufficient opportunity to hear an issue when the petitioner has presented the state court with the issue's factual and legal basis." *Id.*

In addition, the petitioner must explicitly alert the state court that he is raising a *federal* constitutional claim. *Casey v. Moore*, 386 F.3d 896, 910-11 (9th Cir. 2004), *cert. denied*, 545 U.S. 1146 (2005). The petitioner must make the federal basis of the claim explicit either by citing specific provisions of federal law or federal case law, even if the federal basis of a claim is "self-evident," *Gatlin v. Madding*, 189 F.3d 882, 888 (9th Cir. 1999), *cert. denied*, 528 U.S. 1087 (2000), or by citing state cases that explicitly analyze the same federal constitutional claim, *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc).

If the petitioner is in custody pursuant to a judgment imposed by the State of Arizona, he must present his claims to the Arizona Court of Appeals for review. *Castillo v. McFadden*, 399 F.3d 993, 998 (9th Cir. 2005), *cert. denied*, 546 U.S. 818 (2005); *Swoopes v. Sublett*, 196 F.3d 1008 (9th Cir. 1999), *cert. denied*, 529 U.S. 1124 (2000). If state remedies have not been properly exhausted, the petition may not be granted and ordinarily should be dismissed without prejudice. *See Johnson v. Lewis*, 929 F.2d 460, 463 (9th Cir. 1991). In the alternative, the court has the authority to deny on the merits rather than dismiss for failure to properly exhaust. 28 U.S.C. § 2254(b)(2).

A claim is "procedurally defaulted" if the state court declined to address the claim on the merits for procedural reasons. *Franklin v. Johnson*, 290 F.3d 1223, 1230 (9th Cir. 2002). Procedural default also occurs if the claim was not presented to the state court and it is clear the state would raise a procedural bar if it were presented now. *Id.*

Procedural default may be excused if the petitioner can "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Boyd v. Thompson*, 147 F.3d 1124, 1126 (9th Cir. 1998). "To qualify for the fundamental miscarriage of justice exception to the procedural default rule, however, [the petitioner] must show that a constitutional violation has probably resulted in the conviction when he was actually innocent of the offense." *Cook v. Schriro*, 538 F.3d 1000, 1028 (9th Cir. 2008).

If a claim is procedurally defaulted and is not excused, the claim should be dismissed with prejudice because the claim was not properly exhausted and "the petitioner has no further recourse in state court." *Franklin*, 290 F.3d at 1231.

Discussion: Claim (1), Grand Jury

Harmon claims that the state lied to the grand jury about the extent of the victims' injuries in order to overcharge the offenses. This, he argues, coerced him into pleading guilty. The respondents argue this claim is waived by Harmon's plea of guilty. (Doc. 14, pp. 9-10) They are correct.

"[A] guilty plea represents a break in the chain of events which has preceded it in the criminal process." *Tollett v. Henderson*, 411 U.S. 258, 267, 93 S.Ct. 1602, 1608 (1973). "When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Id.* He may, however, challenge the voluntary and intelligent nature of the plea itself. *Id.*

Here, Harmon argues that the state lied to the grand jury and overcharged his offenses. This alleged deprivation of Harmon's constitutional rights occurred before Harmon's guilty plea

and is now waived. The Arizona Court of Appeals analyzed this claim and came to the same conclusion. (Doc. 16, pp. 69-71)

Harmon asserts that this deprivation "coerced" his plea. He implicitly argues that this claim is not waived because the overcharging affected the voluntary and intelligent nature of his plea. It did not. Overcharging, assuming it occurred here, raises the penalty for losing at trial. And a defendant is not improperly coerced when he pleads guilty to avoid "a higher penalty authorized by law for the crime charged." *Brady v. United States*, 397 U.S. 742, 751, 90 S. Ct. 1463, 1470 (1970).

The prior adjudication of this claim by the Arizona Court of Appeals did not "result[] in a decision that was contrary to, or involve[] an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d). Neither did it "result[] in a decision that was based on an unreasonable determination of the facts in light of the evidence" available to the trial judge. 28 U.S.C. § 2254(d); *see, e.g.*, *Garrett v. Brewer*, 2018 WL 1509187, at *4 (E.D. Mich. 2018) ("Petitioner's claim that she was overcharged was also waived by her no-contest plea.").

Claim (2), Ineffective Assistance of Counsel

Harmon claims counsel was ineffective because she failed to challenge the indictment, "threatened to put me in Rule 11 court," and "told me that I had to sign [the plea agreement] and that my family needed me to sign it." (Doc. 1, pp. 6-7)

To succeed on an ineffective assistance claim, the habeas petitioner must prove "his counsel's performance was deficient in violation of the Sixth and Fourteenth Amendments" and "he was prejudiced by counsel's deficient performance." *Clark v. Arnold*, 769 F.3d 711, 725 (9th Cir. 2014).

"Counsel is constitutionally deficient if the representation fell below an objective standard of reasonableness such that it was outside the range of competence demanded of attorneys in criminal cases." *Clark*, 769 F.3d at 725 (punctuation modified). "When evaluating

- 6 -

counsel's conduct, [the court] must make every effort to eliminate the distorting effects of hindsight, and to evaluate the conduct from counsel's perspective at the time." *Id*.

"A defendant is prejudiced by counsel's deficient performance if there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Clark*, 769 F.3d at 725. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*.

Because hindsight is 20/20, "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. 668, 690 (1984). State court review of counsel's performance is therefore highly deferential. Federal court review on habeas is "doubly deferential." *Cullen v. Pinholster*, 563 U.S. 170, 190, 131 S. Ct. 1388, 1403 (2011).

"In the context of a guilty plea, the ineffectiveness inquiry probes whether the alleged ineffective assistance impinged on the defendant's ability to enter an intelligent, knowing and voluntary plea of guilty." *See Lambert v. Blodgett*, 393 F.3d 943, 979 -980 (9th Cir. 2004).

Harmon's first argument that counsel was ineffective for failing to challenge the indictment is waived by his guilty plea. He cannot raise this claim now. (see above)

Harmon further argues that counsel "threatened to put me in Rule 11 court" and "told me that I had to sign [the plea agreement] and that my family needed me to sign it." (Doc. 1, pp. 6-7). The court construes this claim as an argument that counsel "strong armed" him into accepting the plea.

The Arizona Court of Appeals denied all of Harmon's ineffective assistance claims as waived without specifically addressing Harmon's claim[1] that he was "strong armed" into accepting the plea. (Doc. 16, pp. 69-72) This claim relates to his decision to voluntarily accept the plea and is not waived. *See Lambert*, 393 F.3d at 979 -980. This court therefore looks through the decision of the Arizona Court of Appeals and examines the decision of the trial court denying Harmon's PCR petition.

---

[1] The court assumes, without deciding, that Harmon properly raised this issue in his petition for review, as he alleges in the pending petition. (Doc. 1, p. 7)

The trial court addressed this claim on the merits and denied it in light of Harmon's statement at the change of plea hearing that no force or threats were used to get him to plead guilty. (Doc. 16, p. 30) Essentially the court found that there was no evidence that counsel threatened Harmon and no evidence that counsel's alleged statements improperly coerced him into pleading guilty. The court further noted that if Harmon had lost at trial, he "would have been facing up to twenty-five years in prison on each of the class 3 felonies." (Doc. 16, p. 66) Apparently, the court decided that the advantageous nature of plea deal made it likely that the defendant accepted the plea voluntarily.

The state court's prior adjudication of this claim did not "result[] in a decision that was contrary to, or involve[] an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d). Neither did it "result[] in a decision that was based on an unreasonable determination of the facts in light of the evidence" available to the trial judge. 28 U.S.C. § 2254(d); *See also United States v. Ross*, 511 F.3d 1233, 1236 (9th Cir. 2008) ("Statements made by a defendant during a guilty plea hearing carry a strong presumption of veracity in subsequent proceedings attacking the plea.").

RECOMMENDATION

The Magistrate Judge recommends that the District Court, after its independent review of the record, enter an order Denying the petition for writ of habeas corpus. Harmon's claim that the state overcharged his crimes is waived by his plea of guilty. Counsel did not "strong arm" Harmon into accepting the plea agreement.

Pursuant to 28 U.S.C. §636 (b), any party may serve and file written objections within 14 days of being served with a copy of this report and recommendation. If objections are not timely filed, they may be deemed waived. The Local Rules permit a response to an objection. They do not permit a reply to a response without the permission of the District Court.

DATED this 28th day of January, 2019.



Leslie A. Bowman
United States Magistrate Judge